# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMILA C. LONGMIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1360 CDP |
| | ) |
| UNKNOWN ISING, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the motion of Jamila Longmire (registration no. n/a) for leave to proceed in forma pauperis [Doc. #2].

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of her prison account statement for the six month period immediately preceding the submission of her complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $33.30, and an average monthly account balance of $47.65. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will grant the motion to proceed in forma pauperis and assess an initial partial filing fee of $9.53, which is 20 percent of applicant's average monthly balance.

Plaintiff was a prisoner when she filed the complaint. She has subsequently been released. Because she was incarcerated when she filed this action, she is obligated to pay the initial partial filing fee assessed against her. See Robbins v. Switzer, 104 F.3d 895 (7th Cir. 1997). However, once plaintiff has paid the initial partial filing fee, the Court will be unable to contact the custodian for the remaining monthly payments as plaintiff is no longer incarcerated. As a result, the Court will order plaintiff to pay the initial partial filing fee and to either pay the remaining balance of the filing fee ($340.47) or to file a second motion to proceed in forma pauperis. If plaintiff files a second

motion to proceed in forma pauperis, she must also submit a Financial Affidavit (CJA Form 23) to the Court to indicate whether or not she is unable to pay the statutory filing fee.  The Court will provide the forms to plaintiff.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for an alleged assault by a correctional officer. Named as defendants are Unknown Ising (correctional officer), Unknown Matlock (correctional officer), Jefferson County Jail, and Jefferson County, Missouri.

Plaintiff alleges that on July 22, 2006, while she was on a writ to the Jefferson County Jail, defendant Ising, a male, entered the female quarters and assaulted her. Specifically, plaintiff alleges that Ising picked up her bed while she was lying down, said "Now for the big flip," and flipped her on to the concrete floor. The fall injured her back. Plaintiff also claims that defendant Matlock witnessed Ising's actions and refused to answer her calls for help.

**Discussion**

**A.  Jefferson County and Jefferson County Jail**

Plaintiff's claim against Jefferson County Jail is legally frivolous because the Jail is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). Additionally, plaintiff has failed to state a claim upon which relief can be granted as to Jefferson County because she did not allege that the constitutional

deprivation she suffered was due to a custom or policy of Jefferson County. City of Canton v. Harris, 489 U.S. 378, 385 (1989). As a result, plaintiff's claims against Jefferson County and Jefferson County Jail do not survive review under 28 U.S.C. § 1915(e)(2)(B) and will be dismissed without prejudice.

### B. Officers Ising and Matlock

Giving the complaint the benefit of a liberal construction, I find that plaintiff has sufficiently alleged a cause of action under § 1983 against defendants Ising and Matlock. As a result, the Court will order that defendants Ising and Matlock respond to the complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [#2] is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to defendants Ising and Matlock.[1]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $9.53 within thirty (30) days from the date

---

[1] Defendants Ising and Matlock are alleged to be correctional officers at the Jefferson County Jail in Jefferson County, Missouri.

of this order. Plaintiff is instructed to make the remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) the case number; and (3) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward to plaintiff with a copy of this Order (1) a Motion to Proceed In Forma Pauperis - Non Prisoner form and (2) a Financial Affidavit (CJA Form 23), which plaintiff shall complete and submit to this Court within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee or fails to submit a completed CJA Form 23, or both, within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Ising and Matlock shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of November, 2006.

                                                 _/s/ Catherine D. Perry_
                                                 UNITED STATES DISTRICT JUDGE